IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GERMANY LILLY,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Civil Action No.  3:22-CV-2247-B (BH) | |
| § | | |
| **COMMISSIONER OF THE SOCIAL** § | | |
| **SECURITY ADMINISTRATION,** § | | |
| § | | |
| **Defendant.** § | Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I.  BACKGROUND

On October 6, 2022, the *pro se* plaintiff's "Complaint for Review of Decision" and "Application to Proceed Without Prepayment of Fees and Costs" were received. (*See* docs. 3, 4.) By *Notice of Deficiency and Order* dated October 31, 2022, she was notified that her application to proceed *in forma pauperis* (IFP) did not provide enough information for determination of whether IFP status is appropriate because it was not on the proper form and did not contain a properly signed certificate of inmate trust account. (*See* doc. 5.)  She was ordered to either pay the full filing fee or submit a fully completed and signed IFP application with the required certificate of inmate trust account within thirty days. (*See id.*)  The order specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*) Attached to the order was an IFP application. (*See id.*)

---

[1] By *Special Order No. 3-251*, this *in forma pauperis* prisoner social security appeal was automatically referred for full case management.

After the plaintiff failed to respond, a *Second Notice of Deficiency and Order* dated December 8, 2022, again notified her that her IFP application did not provide enough information for determination of whether IFP status is appropriate. (*See* doc. 6.) She was again ordered to either pay the filing fee or submit a fully completed and signed IFP application within thirty days. (*See id*.) She was again specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*) Attached to the order was an IFP application. (*See id.*) A *Final Notice of Deficiency and Order* dated January 30, 2023, provided the same notice, warnings, and an IFP application. (*See* doc. 7.)

More than thirty days from the date of the final notice of deficiency and order have passed, but the plaintiff has neither paid the filing fee nor submitted an IFP application, and she has not filed anything else in this case since her initial filings.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with three order to either pay the filing fee or submit a fully completed IFP application, despite a warning that failure to do so could result in dismissal of the case. She has not filed anything else in the case since her initial filings on October 6, 2022. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed.

### III. RECOMMENDATION

The plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless she either pays the filing fee or files a fully completed IFP application within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 3rd day of March, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE